[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13759
Non-Argument Calendar
_____

D.C. Docket No. 3:94-cv-30164-LC

FLORIDA GAS TRANSMISSION COMPANY,

Plaintiff-Counter Defendant
Appellee,

versus

TRAVIS U. BYNUM,

Defendant-Counter Claimant,

TRAVIS KENNETH BYNUM, I,

Defendant-Counter Claimant
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 30, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Travis Bynum, proceeding *pro se*, appeals the district court's denial of his "motion to rescind any and all rulings of the inferior court."  Bynum contends the district court's grant of a permanent injunction against him was improper based on a 1908 act of Congress.  Bynum further asserts a previously granted easement, related to a pipeline through his property, is invalid because the 1908 Congressional action removed governmental authority over his land.

Bynum's "motion to rescind any and all rulings of the inferior court" is properly considered a Rule 59(e) motion for reconsideration as it seeks relief, as titled, to rescind the previously established rulings of the court.  The district court did not abuse its discretion in denying Bynum's motion.  *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (reviewing the denial of a Rule 59(e) motion for an abuse of discretion).  First, his motion fell outside of the 28 day window for filing a Rule 59(e) motion, as it was filed 20 years after the judgment in the district court.  Fed. R. Civ. P. 59(e) (providing a party can file a motion to alter or amend a judgment within 28 days of the entry of judgment).  Second, Bynum seeks to relitigate old matters, arguing that Florida Gas "cannot . . . hold a valid right of way . . .[because of] the [c]ourt having ruled that such property may not be encumbered[.]"  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (stating

2

a motion to alter or amend a judgment may not be used "'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment'").  Third, though he notes that new evidence became available when the "[General] Land Office" began to computerize its records in 2008, he does not explain why he was precluded from obtaining the new evidence in a physical form prior to that time.  *See Mincey*, 206 F.3d at 1137 n.69 (explaining new evidence can only be the basis for a successful Rule 59(e) motion if the evidence was unavailable at the time of the judgment).

Bynum is also potentially challenging the rulings of Florida state courts.  He notes that he was "before the state court" which "refused to require [Florida Gas] to show jurisdiction and authority."  However, this Court lacks jurisdiction to review the final judgments of the Florida state court.  *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (explaining under the *Rooker-Feldman*[1] doctrine, federal district courts lack jurisdiction to review the final judgment of a state court).

**AFFIRMED.**

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).